849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BORDEN, INC., Plaintiff-Appellee,
v.
ERT MANAGEMENT INC.; Elizabeth River Terminals,
Incorporated; Liverman, Inc., Defendants-Appellants.
 No. 87-3160.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 2, 1988.
Decided: June 13, 1988.
 
 Robert M. Pfeifer (Robert G. Morecock, Shuttleworth, Ruloff, Giordano & Kahle, P.C., on brief), for appellants.
 William T. Prince (Stephen C. St. John, Norvell O. Scott III, Williams, Worrell, Kelly & Greer, P.C., on brief), for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Following the stock sale of a Borden subsidiary to ERT Management, Inc., Borden brought this declaratory action seeking to clarify the two parties' obligations to certain employees transferred to ERT as part of the sale. Specifically, Borden sought a ruling that ERT was obliged to pay any medical or life insurance claims made under the Borden benefit plans by former Borden employees whose rights in those plans had vested prior to the date of the sale of the subsidiary. ERT argued that, to the contrary, any liability arising out of the Borden plans remained with Borden, and that ERT's only liabilities would be those arising out of its own benefit plans instituted at the time of the sale.
 
 
 2
 The resolution of this dispute depends entirely on the correct interpretation of two paragraphs of the sales contract. Paragraph 11(d) provides that, upon the closing of the sale, all participation of the affected employees in Borden benefit plans, including Borden health and life insurance plans, would cease. Paragraph 12(d) provides that ERT "shall ... pay or discharge ... all liabilities and obligations with respect to medical and life insurance coverage with respect to all employees of the Corporation for any claim incurred after the Closing Date, including any claims which such employee may make following retirement."
 
 
 3
 Noting that Borden and ERT did not have the power to terminate employees' vested benefit rights, the district court ruled that the unambiguous language of paragraph 12 operated to shift liability for future claims made under those vested rights to ERT. Paragraph 11(d), the court held, merely provided that former Borden employees would neither make payments to nor accumulate any further rights under the Borden plans after the date of closing.
 
 
 4
 We agree with the district court that these provisions are not ambiguous, either singly or considered together. Therefore, the voluminous parole evidence as to the intent of the parties submitted by ERT is irrelevant. Further, we agree with the district court's interpretation of this unambiguous language. For the reasons adequately stated in its memorandum opinion, the judgment of the district court is affirmed.